UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN BENDEROFF,**<br><br>        Plaintiff,<br><br>vs.<br><br>**ERIK JOHANSEN, JEFFREY ADAMISIN, JOSEPH PRESLEY, MICHAEL WILLIAMS, BRIAN HELMERSON, MARK VAUGHAN, DEVALLONS DESMARETS, JEROME DEAVEN, and CHRIS WALTER,** in their individual and official capacities,<br><br>        Defendants. | **2:23-CV-12824-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REASONABLE EXPENSES OF SERVICE UPON DEFENDANTS UNDER FED. R. CIV. P. 4(d)(2)**<br>**(ECF NO. 28)** |

      This is a civil rights case in which Plaintiff Brian Benderoff alleges he was unlawfully detained at Detroit Metropolitan Airport by Defendant state and federal law enforcement officers and thereafter maliciously prosecuted for more than six years in violation of the Fourth and Fifth Amendments to the United States Constitution. Now before the Court is Plaintiff's Motion for Reasonable Expenses of Service Upon Defendants Devallons Desmarets, Mark Vaughan, and Chris Walter under Fed. R. Civ. P. 4(d)(2). ECF No. 28. The motion has been fully briefed. Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve

1

the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Plaintiff's motion will be **DENIED**.

## I. BACKGROUND

Plaintiff asserts that the Complaint, two copies of the waiver form, and a self-addressed stamped envelope were mailed by certified mail, return receipt requested, to Defendants Mark Vaughan, Devallons Desmarets, and Chris Walter, agents with the Department of Homeland Security ("DHS"), at the Detroit offices of Homeland Security Investigations on November 13, 2023. Each request was delivered on November 20, 2023. ECF Nos. 28-2, 28-3. Each waiver request stated the date on which it was sent and gave the Defendant 30 days to return the waiver. Defendants Desmarets, Vaughan, and Walter did not return the waiver forms, although two other Defendants Plaintiff served at the same address, Michael Williams and Jerome Deaven, did.

According to Defendants' Response, Defendant Vaughan was no longer employed by the DHS in November 2023 and thus he did not work at the Detroit offices of Homeland Security Investigations at the time the Complaint was served. Nevertheless, after Vaughan, Desmarets, and Walter learned of the Complaint (by email for Vaughan and from their supervisor for Desmarets and Walter), they each requested to be represented by the Department of Justice ("DOJ"). ECF No. 32-5. The three Defendants did not take action regarding the Complaint or the waiver of service while their requests for representation were pending.

2

On December 20, 2023, after the time for the three Defendants to return the waiver had expired, Plaintiff initiated service proceedings on Defendants Vaughan, Desmarets, and Walter. Plaintiff's counsel states, however, that he expended most of the costs of service after January 5, 2024. ECF Nos. 28-4 to 28-7. On that date, Plaintiff's counsel emailed Defendants' counsel asking whether Vaughan, Desmarets, and Walter would be willing to waive service, stating:

> As you may be aware, Officers Deaven and Williams agreed to waive service, but Officers Vaughn [sic], Desmarets, and Walter did not return waivers. I have already incurred some expense to a process server attempting to serve Officers Vaughn, Desmarets, and Walter (and I believe I can seek to shift costs onto them under FRCP 4(d)(2)(A) because they did not timely return waivers of service)—but if Officers Vaughn, Desmarets, and Walter will agree to waive service now, that would certainly limit such expenses going forward. I will pause additional service expenses pending your reply.

ECF No. 33-3. According to Plaintiff, defense counsel replied on January 8, 2024 that "he would check with his 'DHS contact to see whether she would advise those Defendants to waive service,'" but did not respond further after that.

A few days later, the Defendants filed a motion to extend time to respond to the Complaint, to which Plaintiff's counsel concurred, ECF No. 11, which the Court granted by Text-Only order on February 9, 2025. In that motion, Defendants explain that they had initiated the process of requesting DOJ representation in this matter, which requires several

3

steps pursuant to 28 C.F.R. § 50.15(a)(1)–(12), but that a determination had not been made at that time. As stated above, those requests for representation were ultimately approved in February 2024.

In the meantime, Plaintiff asserts that he was required to effect service on Defendants Desmarets, Vaughan, and Walter. Plaintiff directed service on the Defendants on or after January 15, 2024. He states that he eventually successfully served the three Defendants and incurred $120.65 in costs serving Vaughan, $120.65 in costs serving Walter, and $121 in costs serving Desmarets. ECF Nos. 28-2 to 28-28-7. Plaintiff has now filed the instant motion seeking reimbursement for those costs pursuant to Fed. R. Civ. P. 4(d)(2). ECF No. 28. Plaintiff also seeks $862.50 in attorney's fees associated with bringing the instant motion. *Id.*; ECF Nos. 28-2, 28-8.

Defendants have filed a response in opposition to Plaintiff's motion. ECF No. 32. Defendants argue that no costs should be imposed for service upon Defendant Vaughan because he was no longer employed by the DHS in November 2023, and thus no waiver request was properly addressed to him. And Defendants Desmarets and Walter argue that they had good cause for not waiving service because their requests for DOJ representation were pending when the service costs were incurred, and thus Plaintiff's requests for service costs and attorney fees should be denied.

4

Plaintiff filed a reply brief. ECF No. 33. He agrees that there is good cause as to excuse Defendant Vaughan from the imposition of costs and attorney fees and agreed to reduce his request for attorney fees by 0.2 hours. ECF No. 33-2. He contends that Defendants Desmarets and Walter have failed to show good cause for their failure to waive service, and that he has incurred additional attorney fees in having to file the reply brief. Plaintiff now seeks an order that Chris Walter pay costs and fees in the amount of $1,069.40 ($120.65 in service costs and $948.75 in attorney fees) and that Devallons Desmarets pay $1,069.75 ($121 in service costs and $948.75 in attorney fees).

## II. DISCUSSION

Federal Rule of Civil Procedure 4(d)(1) provides, in pertinent part: "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons" and that a "plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Rule 4(d)(2) provides that if "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Accordingly, a defendant who does not

5

waive service can only avoid costs under this rule by showing good cause for the failure. *Beaver v. Eastland Mall Holdings, LLC*, No. 2:20-CV-485, 2021 WL 1084610, at *4 (S.D. Ohio Mar. 22, 2021).

Plaintiff now agrees that because Defendant Vaughan "did not receive a request for waiver of service" since he was no longer employed by the DHS at the time of service, which is where the waiver was sent, he has shown good cause so as to excuse him from the imposition of expenses and attorney fees under Rule 4(d)(2). Accordingly, Plaintiff's motion will be **DENIED** as to Defendant Vaughan.

Plaintiff disputes, however, the Defendants Desmarets or Walter have shown good cause excusing their failure to timely return a waiver of service in this case. Defendants assert that, as federal employees, Desmarets and Walter were entitled to be represented by the DOJ, *see* 28 C.F.R. § 50.15,[1] and that this is a time-consuming process. Plaintiff, on the other hand, argues that waiting several months for the DOJ to provide counsel is contrary to the requirements of Rule 4(d), and would

---

[1] 29 C.F.R. § 50.15 provides, in relevant part, that "a federal employee …may be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity … when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."

6

essentially exempt all United States employees from Rule 4(d)(2)'s waiver requirement.

The issue before the Court therefore is whether Defendants Desmarets and Walter had good cause for their failure to timely return the waivers of service. "The court exercises its sound discretion in determining whether Defendant[s] had good cause not to waive service." *Saxena v. Allen*, No. 1:22-cv-01769, 2024 WL 964817, at *2 (D. Colo. Mar. 6, 2024) (citing *Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1071 (10th Cir. 2022)); *see also Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (stating the determination of good cause "is entrusted to the sound and considerable discretion of the district court") (citation omitted). "Good cause" is not defined in Rule 4(d)(2), but the advisory committee's notes state that "sufficient cause should be rare." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. The note provides, for example, "[i]t is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *Id.* The Court notes that there is similarly no comprehensive definition of what constitutes good cause sufficient to warrant an extension of time to serve the complaint under Fed. R. Civ. P. 4(m), but the Court of Appeals for the Sixth Circuit states that "good cause requires at least as much as would be required to show excusable neglect…" *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521–23 (6th Cir. 2006)

7

(same); *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010 (a "showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules."). The good cause standard is "necessarily amorphous" and "is largely dependent upon the facts of each individual case." *Kurka*, 628 F.3d at 957.

Looking at the facts of this case, the Court finds that Defendants Desmarets and Walter have demonstrated good cause for their failure to sign and return the waivers within 30 days of their receipt. Defendants Desmarets and Walter, federal employees with the DHS, were sued here in their individual *and* official capacities for their actions that "reasonably appear to have been performed within the scope of [their] employment" with the DHS, and they therefore were entitled to seek representation by the DOJ. *See* 28 C.F.R. § 50.15. Defendants Desmarets and Walter promptly requested representation by the DOJ within days of when they received the Complaint in November 2023, ECF No. 32-5, but that representation was not approved until February 2024. "[T]he language of [28 C.F.R. § 50.15] makes clear it is for the Government to determine whether federal employees should receive representation." *Rodriguez v. Shulman*, 843 F. Supp. 2d 96, 100 (D.D.C. 2012). In Defendants' January 12, 2024 motion for extension to time to respond to Plaintiffs' Complaint, Defendants explained that Defendants had initiated the process of requesting DOJ representation, but a determination had not yet been made as of that date. ECF No. 11.

8

Plaintiff concurred with that motion, and thus indisputably had notice that Defendants were still awaiting DOJ representation approval. As one court recognized, "the prospect of being named in a suit by a disgruntled citizen is an ever-present risk of public service," and "[c]ommonly, the government employee forwards the papers to someone in … government and awaits further advice and if that advice is slow in coming the thirty day response time can lapse." *Marcello v. Maine*, 238 F.R.D. 113, 116 n.3 (D. Me. 2006).

That is what happened here. Defendants did not sit on their hands upon being notified of the Complaint and summons but timely and reasonably forwarded those papers to the proper authority and requested representation. Plaintiff's counsel was made aware of this. It was not unreasonable for Defendants Desmarets and Walter, who were sued in both their individual and official capacities, to await that determination to proceed with counsel in this case. While the advisory committee notes to Rule 4 state that sufficient good cause should be "rare," that standard is not absolute. Defendants here have shown "good faith and some reasonable basis for noncompliance with the rules" under the facts of this case. *See Kurka*, 628 F.3d at 957; *see also Worthy v. City of Buffalo*, No. 11-CV-872A(Sr.), 2013 WL 705920, at *4–5 (W.D.N.Y. Feb. 26, 2013) (denying motion for costs and fees against defendants sued in their individual and official capacities who did not timely return waivers of service); *Rashada v. City of Buffalo*, No. 11CV873A, 2013 WL 474751, at

9

\*3 (W.D.N.Y. Feb. 6, 2013) (denying requests for costs under Rule 4(d) where claims appeared to be asserted against defendants in both their individual and official capacities).

Accordingly, Plaintiff's motion for costs of service and attorney fees against Defendants Desmarets and Walter will be **DENIED**.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reasonable Expenses of Service Upon Defendants Devallons Desmarets, Mark Vaughan, and Chris Walter under Fed. R. Civ. P. 4(d)(2) is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 31, 2025          /s/Terrence G. Berg
                               HON. TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE